IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARENCE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-cv-455-DRH |
| | ) | |
| JUDGE DANIEL J. STACK of | ) | |
| MADISON COUNTY COURT, | ) | |
| STATE OF ILLINOIS, and | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

**HERNDON, Chief Judge:**

Now before this Court is petitioner Clarence Jackson's petition for writ of habeas corpus (Doc. 1). For the following reasons, this case is DISMISSED with prejudice, and the Clerk is DIRECTED to notify petitioner.

The general thrust of Jackson's petition is that he has been discriminated against on the basis of race and sex in a way that impedes or reduces his access to employment and income. Jackson claims he has been denied benefits, employment, licenses, retroactive benefits, health care, pensions, and "generally anything of value that would elevate petitioner to a[n] economic level so relocation to a more constitutionally in tune environment suitable to accommodate highly educated and skilled black males could happen." Petitioner attributes this discrimination to "acts of retaliation" not clearly described but which allegedly

resulted in his loss of a job in 1989, denial of access to the state courts in a worker's compensation benefits matter, and violations that "are occurring over and over again daily in how work in the law practice area is determined against substantially educated blacks (especially males)." Petitioner further claims discrimination in the state court system due to his not being a licensed attorney. For these alleged violations of the Thirteenth and Fourteenth Amendments to the United States Constitution, petitioner seeks damages and an order of enjoinment.

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Writs of habeas corpus "shall not extend to a **prisoner**" unless "[h]e is **in custody**" or "it is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c) (emphasis added). While the use of habeas corpus is not restricted to actual, physical custody, the exception to actual, physical custody involves persons released on bail or on their own recognizance in certain situations. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-301 (1984).

A district court is authorized to dismiss a petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A district court has the power to dismiss a habeas petition when it is patently apparent that it lacks jurisdiction to grant the

relief demanded. *See Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (relying upon the implicit directive of 28 U.S.C. § 2243).

Here, it is patently apparent this Court lacks jurisdiction over Jackson's petition for writ of habeas corpus. Jackson is not claiming harm related to being a prisoner, being in custody, having been released on his own recognizance or on bail in a way that satisfies the "in custody" requirement, or that it is necessary for him to appear in court. In fact, there are no indications of imprisonment or threat of imprisonment at any point in his life. Instead, Jackson's claims relate to alleged day-to-day discriminations perpetrated against him as a member of the general, non-prison populace. His petition must accordingly be dismissed with prejudice. Judgment to enter accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.07 16:07:51 -05'00'

**Chief Judge**
**United States District Court**