IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARENCE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-cv-455-DRH |
| | ) | |
| JUDGE DANIEL J. STACK of | ) | |
| MADISON COUNTY COURT, | ) | |
| STATE OF ILLINOIS, and | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

**HERNDON, Chief Judge:**

On June 7, 2011, this Court dismissed with prejudice petitioner Clarence Jackson's petition for writ of habeas corpus for lack of jurisdiction, as petitioner was not a prisoner or in custody (Doc. 5). Now before this Court is petitioner's motion for reconsideration of the dismissal of his habeas corpus claim (Doc. 8). For the following reasons, petitioner's motion for reconsideration is DENIED.

Petitioner argues in his motion for reconsideration that "in custody" means more than being incarcerated as is "associated with blacks on the criminal side." Rather, the "custody" applicable to him is the "restraint on liberty or being denied payments or money for performing the same level of law practice work the non blacks perform but because of the highly biased and 100% non black controlled law licensing process peppered with fraud and racism every step of the way, this payment is being denied by threats of prosecution and jail." Doc. 6 at p. 5.

Petitioner believes "[t]he question is how does an individual" who is allegedly highly educated and capable become an attorney despite "being victimized by a highly biased process against blacks." Doc. 6 at pp. 2-3.

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.,Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994)."[W]hether a motion filed within [twenty-eight] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir.2008)(emphasis in original). Motions for reconsideration premised on errors of law are encompassed by Rule 59(e), not Rule 60(b).*Id.* at 493-94.A motion to reconsider filed more than twenty-eight days after entry of the challenged order "automatically becomes a Rule 60(b)motion." *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir.1994) (*citing United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992)).

Petitioner's instant motion was filed on June 24, 2011, within twenty-eight days ofthe challenged order dated June 7, 2011. Petitioner's argument that that the term "in custody" should encompass something beyond actual, physical custody or persons released on bail or own their own recognizance is tantamount to an argument that there was a mistake of law. For these reasons, petitioner's

motion for reconsideration will be construed under Rule 59(e), a standard less exacting than Rule 60(b).

Nonetheless, even under the relatively more relaxed review of Rule 59(e), petitioner's argument fails. The law on habeas corpus is well-settled: it involves only those individuals "in custody," which includes actual, physical custody or persons released on bail or their own recognizance in certain situations. *See* 28 U.S.C. § 2241(c) (stating writs of habeas corpus "shall not extend to a prisoner" unless "[h]e is in custody" or "it is necessary to bring him into court to testify or for trial); *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-301 (1984); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (recognizing the "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody"). When a would-be litigant is not in custody, not on release from physical custody, and it is not necessary to bring him or her into court to testify, there is no habeas corpus action. No matter how much petitioner believes that claimed racism of an institutionmakes him feel like he is "in custody," that is simply not the law.

For these reasons, petitioner's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2011.

David R. Herndon
2011.07.06 16:56:09
-05'00'

**Chief Judge
United States District Court**